UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEAN MENGHINI,

        Plaintiff,

-against-

NEUROLOGICAL SURGERY, P.C., DR.
MICHAEL BRISMAN, DR. RAMIN RAK,
DR. PAOLO BOLGNESE, and DR. WILLIAM
SONSTEIN,

        Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-3534

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAY 24 2016 ★
LONG ISLAND OFFICE

APPEARANCES:

WIGDOR, LLP
By: David E. Gottlieb, Esq.
     Elizabeth J. Chen, Esq.
85 Fifth Avenue
New York, NY 10003
Attorneys for Plaintiff

WILSON, ELSER, OSKOWITZ, EDELMAN & DICKER LLP
By: Steven L. Young, Esq.
     George M. Melo, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Attorneys for Defendants Neurological Surgery, P.C.,
Dr. Michael Brisman, Dr. Ramin Rak and
Dr. Paolo Bolgnese

WEXLER, District Judge:

       Plaintiff Jean Menghini ("Menghini" or "Plaintiff") brings this action alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq.*, ("Title VII"), New York Labor Law ("NYLL"), §§ 215 and 741, and the New York State Human Rights Law ("NYSHRL"), and breach of contract. Defendants Neurological Surgery, P.C. ("NSPC") Dr. Michael Brisman

-1-

("Brisman"), Dr. Ramin Rak ("Rak"), Dr. Paolo Bolgnese ("Bognese") (collectively, "Defendants") move to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Pro."), Rule 12(b)(6) and to strike all "redundant, immaterial, impertinent and scandalous" material from the complaint pursuant to Fed. R. Civ. Pro., Rule 12(f). For the reasons that follow, Defendants' motions are denied.

## BACKGROUND

The facts alleged in the complaint are briefly summarized for purposes of the motions. Plaintiff was employed by Defendants as a physician's assistant beginning in 2007. She alleges that she witnessed various unsafe procedures and was subjected to repeated sexually offensive comments and behavior by the named individual Defendants[1] over the course of several years that created a hostile work environment to her as a female. Plaintiff alleges that she repeatedly complained, of both the unsafe practices she witnessed, such as one Defendant's practice of freezing "bone flaps" prior to returning them to the patient's scalp, and the repeated sexually offensive comments used in the workplace, such as, "If your brains were as big as your breasts, you'd be a genius," or being asked various times, "When was the last time you had sex?", or "Fuck me in the ass!" exclaimed in the operating room. She alleges she reported these sexually offensive comments on a number of occasions to her superiors and nothing was done. On November 5, 2014, Plaintiff emailed her supervisor that she continued to be "uncomfortable with the language, and topics of discussion in the OR" and that these comments placed female employees in an inappropriate position. In February 2015, Defendant NSPC was downsizing,

---

[1]Defendant Dr. Michael Brisman is not alleged to have committed the sexually offensive behavior, but is alleged to be the person to whom Plaintiff complained on numerous occasions.

and after being reminded of Plaintiff's email complaining of certain doctor's behavior, Plaintiff was terminated in March 2015.

In her termination letter of March 9, 2015, Defendants offered that Plaintiff take eight weeks of severance pay as a alternative to terms of her employment agreement. Plaintiff accepted this option by letter dated March 12, 2015. At that time, Plaintiff also complained that her termination was unlawful. Thereafter, Defendants refused to pay Plaintiff her severance unless she agreed to sign a release of all claims. Plaintiff alleges she has not received any severance, in breach of the contract between the parties that it be paid.

The complaint alleges claims for harassment and discrimination, and retaliation in violation of Title VII and the NYSHRL, retaliation in violation of NYLL § 741, and breach of contract.[2] Defendants move to dismiss all claims.

## DISCUSSION

I. <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); <u>see</u> <u>Ruston v. Town Bd. for Town of Skaneateles</u>, 610 F.3d 55, 58-59 (2d Cir. 2010). The plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." <u>BellAtlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed. R. Civ.

---

[2]Plaintiff has withdrawn her claim for whistleblower retaliation in violation of NYLL § 215. <u>See</u> Plaintiff's Memorandum of Law in Opposition ("Pl. Mem."), at 2, n.1.

Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). A "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679.

In employment discrimination claims subject to the burden-shifting mechanism outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the plaintiff does not lose the benefit it receives from that burden-shifting, and "[t]o the same extent that the McDonnell Douglas temporary presumption reduces the facts a plaintiff would need to *show* to defeat a motion for summary judgment prior to the defendant's furnishing of a non-discriminatory motivation, that presumption also reduces that facts needed to be *pleaded* under Iqbal." Littlejohn v. City of New York, 795 F.3d 297, 310-311 (2d Cir. 2015) (emphasis in original).

II.     Title VII and NYSHRL Employment Claims

Plaintiff alleges Defendants have violated Title VII and the NYSHRL by creating a hostile work environment and retaliating against her when she complained. She claims a gender-based hostile work environment resulted from numerous sexually charged comments made by Defendants in the workplace that were offensive to her as a female.

The Second Circuit has noted that "sexually charged conduct in the workplace may create

a hostile work environment for women notwithstanding the fact that it is also experienced by men." Patane v. Clark, 508 F.3d 106, 114 (2d Cir. 2007). To state a claim for a hostile work environment, a plaintiff must show "that the 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Littlejohn, 795 F.3d at 320-321 (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Plaintiff's complaint outlines numerous sexually charged and offensive comments over several years by various employees that continued despite Plaintiff's complaints that such comments were offensive to her and made her and other female employees uncomfortable. Accepting these allegations as true, the Court finds they sufficiently plead a plausible gender-based hostile environment claim, and denies Defendants' motion to dismiss this claim.

Title VII also precludes an employer from retaliating against an employee who opposes an unlawful practice or participates in an investigation or proceeding. To establish a presumption of retaliation, a plaintiff must show evidence of 1) protected activity; 2) that defendant knew of the protected activity; 3) an adverse employment action; and 4) a connection between the protected activity and the adverse employment action. Littlejohn, 795 F.3d at 316. As stated by the Second Circuit, "the complaint need only give plausible support to the reduced prima facie requirements that arise under McDonnell Douglas in the initial phase of a Title VII litigation." Id.

The Court finds that Plaintiff's retaliation claims meet this standard. While Defendants argue that Plaintiff's termination was too remote in time to her complaints, Plaintiff's complaint alleges that she emailed her supervisor on November 5, 2014, stating she had "spoke[n] to [him]

at length" that she was "uncomfortable with the language, and topics of discussion in the OR..." Plaintiff was terminated in early March 2015, four months later. The Court finds this is not too attenuated to state a plausible retaliation claim. As stated by the Second Circuit, there is no "bright line defining, for the purposes of a prima facie case" when the events are "too attenuated to establish causation," but "five months is not too long." Vega v. Hempstead Union Free School District, 801 F.3d 72, 90 (2d Cir. 2015) (quoting Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) (internal quotations omitted). The Court finds that the facts here, as alleged, sufficiently state a retaliation claim, and Defendants' motion to dismiss that claim is denied.

II. Claims Under NYLL § 741

Plaintiff's complaint alleges a whistle-blower retaliation claim under NYLL § 741, which prohibits an employer from discriminating or retaliating against an employee who objects to a policy or practice that the employee believes in good fath constitutes improper patient care. Section 741(4) states that an enforcement claim may be brought under § 740(4)(d), which permits an employee to "institute a civil action in a court of competent jurisdiction for relief ... within two years after the alleged retaliatory personnel action was taken."

i. Waiver

Defendants argue that Plaintiff's § 741 claim is subject to the waiver language in § 740(7), which states that bringing an action "in accordance with this section" waives "rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." Therefore, Defendants argue, by bringing the § 741 claim, Plaintiff waives her other claims.

The Court disagrees. Instead, the Court is persuaded by the reasoning in Collette v. St. Luke's Roosevelt Hosp., 132 F.Supp.2d 256, 267-274 (S.D.N.Y. 2001). The Court there found that to interpret the waiver in § 740(7) as broadly as suggested by Defendants is not only internally inconsistent, but contrary to the purpose of a whistle blower enforcement scheme. After a thorough analysis, the Collette court applied the waiver narrowly to waive "only [ ] rights and remedies concerning whistleblowing as defined in the Act" and not discrimination claims under federal law. Id., 132 F.Supp.2d at 274. Previously in Barker v. Peconic Landing at Southold, Inc., 885 F.Supp.2d 564, 569 (E.D.N.Y. 2012), this Court followed the "sensible approach" of Collette, and various other courts thereafter, that have addressed this issue and found that the waiver of § 740(7) applies narrowly to waive "only other legal rights and remedies that protect against the same wrong the statute itself protects," and not discrimination claims. Barker, 885 F.Supp.2d at 569 (quoting Collette, 132 F.Supp.2d at 267) (listing other cases following the reasoning of the Collette court). The list of other federal courts adopting this approach has since grown. See Catapano-Fox v. City of New York, No. 14 Civ. 8036, 2015 WL 3630725, at *8-9 (S.D.N.Y. June 11, 2015) (following Collette and applying § 740 narrowly to not waive plaintiff's claims under Title VII, NYSHRL and NYCHRL); Magnotti v. Crossroads Healthcare Management, LLC, 126 F.Supp.3d 301, 315 (E.D.N.Y. 2015) (following Collette to apply a narrow waiver under § 740 and not dismissing claims vindicating rights other than those protected by § 740); Hettler v. Entergy Enterprises, Inc., 15 F.Supp.3d 447, 453 (S.D.N.Y. 2014) (following Collette and concluding that § 740(7)'s waiver does not apply to federal claims, except possibly whistle-blower claims); Cabrera v. Fresh Direct, LLC, No. 12–CV–6200, 2013 WL 4525659, at *3 (E.D.N.Y. August 27, 2013) (adopting Collette's narrow application to find

plaintiff's discrimination claims are not waived). So here, the Court finds that the waiver of § 740(7) does not apply to Plaintiff's discrimination and retaliation[3] claims.

ii. No Specific Violation Alleged

Defendants argue that Plaintiff's § 741 should be dismissed because she fails to allege a specific law or regulation that was violated by the conduct Plaintiff claims constituted "improper patient care" under § 741. In Webb-Weber v. Community Action for Human Servc., Inc., 23 N.Y.3d 448, 452, 15 N.E.3d 1172, 992 N.Y.S.2d 163 (2014), the New York Court of Appeals addressed the question of whether a plaintiff had to specify the "law, rule or regulation" that was violated to substantiate a claim under § 740.[4] The Court found that "[t]he plain language of Labor Law § 740 (2) (a) does not impose any requirement that a plaintiff identify the specific 'law, rule or regulation' violated as part of a section 740 claim," adding that "[t]he reasonable interpretation is that, in order to recover under a section 740 claim, plaintiff must show that she reported or threatened to report the employer's 'activity, policy or practice,' but need not claim that she cited any particular 'law, rule or regulation' at that time." Id., at 452. Thus, finding the claim sufficiently stated, the Court denied the motion to dismiss. Id., at 453. This Court is

---

[3]The Court notes that Plaintiff's retaliation claims are not just based on retaliation suffered after complaining about improper patient care, but also that suffered after complaining of the sexually offensive commentary and behavior.

[4]Section 740(2)(a) prohibits an employer from retaliating against an employee who discloses a practice "that is in violation of law, rule or regulation" that presents "a substantial and specific danger to the public health or safety, or which constitutes health care fraud." This is compared with the language of § 741, which prohibits retaliation against an employee who discloses "improper quality of patient care," defined as that which "violates any law, rule, regulation or declaratory ruling adopted pursuant to law." See § 741(2) and (1)(d).

guided by this reasoning and denies Defendants' motion to dismiss on these grounds.[5]

### iii. Plaintiff has Health Care Provider

The Court also rejects Defendants' argument that Plaintiff's § 741 claim fails because Plaintiff is a physician's assistant, and therefore not a "health care provider" protected by § 741. See Lloyd v. Cardiology & Internal Med. Of Long Island, PLLC, 847 N.Y.S.2d 902, at *5 (Nass. Cty. Sup. Cr. 2007) (sustaining § 741 claim by plaintiff physician's assistant).

## IV. Breach of Contract Claim

Plaintiff's breach of contract claim alleges that Defendants breached the agreement between the parties that Plaintiff would be paid eight weeks severance pay following her termination. Defendants argue that Plaintiff's employment agreement is the sole operating contract between the parties, and no breach of contract claim is stated.

The Court disagrees. To state a *prima facie* claim for breach of contract claim, a plaintiff must plead and prove the existence of a contract, a breach of the contract, and damages. National Market Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520, 525 (2d Cir. 2004). Plaintiff has sufficiently alleged that a contract was created between the parties when she accepted by her letter of March 9, 2015 Defendants' offer to pay her eight weeks of severance pay in lieu of the terms of her employment agreement that required ninety days notice of a termination. Plaintiff further alleges that this agreement was breached by Defendants when she complained that her termination was unlawful and they failed to pay her the amounts agreed. The claim has been sufficiently stated and Defendants' motion to dismiss the breach of contract claim is denied.

---

[5]The Court distinguishes this standard with one that would apply in a motion for summary judgment or at trial, where Plaintiff bears the burden of proving that an actual violation occurred. See Webb-Weber, 23 N.Y.3d at 452-452.

V.   Motion to Strike

Defendants also move pursuant to Fed. R.Civ. Pro. Rule 12(f) to strike "redundant, immaterial, impertinent and scandalous" material from Plaintiff's complaint. Motions to strike are generally disfavored and "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Lynch v. Southampton Animal Shelter Foundation Inc., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (citing Crespo v. New York City Transit Auth., No. 01–CV–0671, 2002 WL 398805, at *11 (E.D.N.Y. Jan. 7, 2002) (internal quotations and other citations omitted). To prevail on such a motion, the movant must show "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations would result in prejudice to the movant." Id. (citing Roe v. City of New York, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001)).

While Plaintiff's allegations are lengthy and at times salacious, they are alleged as facts that occurred, comments allegedly made by Defendants, and prior lawsuits alleging malpractice. They are relevant to Plaintiff's hostile work environment claims, and that she suffered retaliation for complaining of the offensive comments and/or unsafe medical practices. When considering a motion to strike, "[i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." Lynch, 278 F.R.D. at 65 (quoting 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011)). The Court finds that Plaintiff's allegations are relevant, and do not result in prejudice to Defendants. The motion to strike is denied.

## CONCLUSION

For the reasons stated above, the Court denies Defendants' motion to dismiss and motion to strike, in their entirety.

SO ORDERED.

s/ Leonard D.
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 24, 2016